**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2017[*]
Decided March 28, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3850

| | |
|---|---|
| TROY T. WILLIAMS, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
|     *v.* | |
| | No. 15 C 5012 |
| CAPITAL ONE BANK (USA), N.A., | |
|     *Defendant-Appellee*. | Elaine E. Bucklo, |
| | *Judge*. |

## O R D E R

Troy Williams appeals the district court's grant of summary judgment in favor of Capital One on his claim that Capital One violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by phoning him to collect his unpaid credit-card debt. Because the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED R. APP. P. 34(a)(2)(C).

undisputed evidence shows that Williams validly consented to these calls by giving Capital One his cell phone number with his credit card application, we affirm.

We construe the evidence in favor of Williams, the party opposing summary judgment. *Allin v. City of Springfield*, 845 F.3d 858, 861 (7th Cir. 2017). Williams applied for a Capital One credit card over the phone in July 2004. As part of the over-the-phone application, Williams orally gave Capital One his cell phone number as his contact number. Capital One approved Williams' application and sent him a credit card. Williams made purchases with the card, but he fell behind on his payments and then stopped paying altogether. Beginning in August 2009, Capital One called his cell phone with an automatic dialing system for about a year, between 15 and 30 times Williams says, to arrange payments. Williams also received calls from a debt-collection firm representing Capital One. He never asked the callers to stop calling. Eventually Capital One obtained a default judgment for the debt in an Alabama state court.

This lawsuit followed. Williams sued Capital One for, he contends, using an automatic telephone dialing system to call his cell phone without his consent, in violation of the Telephone Consumer Protection Act. Capital One moved for summary judgment, arguing that, by providing his cell phone number during his over-the-phone application, Williams consented to receive the calls. Williams responded that without a written signature from him he did not consent. The district court granted summary judgment for Capital One. It relied on a 2008 order from the Federal Communication Commission: "autodialed and prerecorded message calls to wireless numbers that are provided by the called party in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 559 (2008).

On appeal Williams repeats his contention that because he never signed a written agreement he did not consent to Capital One auto-calling him. The FCC, however, has ruled otherwise. "If an autodialed or prerecorded call to a wireless number is not for [telemarketing or advertising] purposes, the consent may be oral or written." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7992 n.204 (2015). See also *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 564–65 (2008); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8769 (1992). The FCC has also ruled that giving a creditor a cell phone number "as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." 23 FCC Rcd. at 564. See also *Hill v. Homeward Residential*,

*Inc.*, 799 F.3d 544, 551–52 (6th Cir. 2015); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1122 (11th Cir. 2014). This consent renders Capital One's calls lawful. See 47 U.S.C. § 227(b)(1)(A).

We must presume that these FCC rulings are valid. See *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 449 (7th Cir. 2010). The Administrative Orders Review Act, also called the Hobbs Act, see 28 U.S.C. §§ 2341 to 2252, provides that an FCC order may be challenged only through a timely, direct appeal to a court of appeals after petitioning the FCC for relief. See 28 U.S.C. §§ 2342(1), 2344; *City of Peoria v. General Elec. Cablevision Corp.*, 690 F.2d 116, 120 (7th Cir. 1982). A party may not circumvent the Hobbs Act by appealing a district court's decision that, as here, merely implements the order. *CE Design*, 606 F.3d at 449 & n.5 (quoting *GTE S., Inc. v. Morrison*, 199 F.3d 733, 743 (4th Cir. 1999)). Because these presumptively valid rules provide that a customer may, when applying for credit, orally consent to calls from the creditor, and because Williams gave and never revoked that consent, Capital One did not violate the law by calling him.

Williams also contests the validity of the debts on which Capital One obtained its default judgment. But the validity of those debts is irrelevant to whether Capital One violated the Telephone Consumer Protection Act. We have considered the rest of Williams' arguments, and none merits discussion.

AFFIRMED.